**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Richard Lewis Amundsen,

Defendant.

Case No. 24-cr-00047 (KMM/LIB)

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

Richard Lewis Amundsen has moved the Court for compassionate release pursuant to 18 U.S.C. § 3582(c). Because Mr. Amundsen did not exhaust administrative remedies by first seeking relief from the Bureau of Prisons, his Motion is denied.

## BACKGROUND

On December 16, 2024, the Court sentenced Mr. Amundsen to a term of imprisonment of 72 months, followed by three years of supervised release, for his role in a conspiracy to distribute methamphetamine. (*See* Dkt. 87.) On November 24, 2025, Mr. Amundsen filed a motion seeking compassionate release. (Dkt. 95.) The Court set a briefing schedule, which was extended once at the request of the United States. The Court then afforded Mr. Amundsen an opportunity to respond to the United States' filing, which he did not do. And the Court delayed ruling on the motion to give Mr. Amundsen ample time to correct the exhaustion issue raised by the government. Mr. Amundsen has not filed anything since his initial motion seeking relief.

**ANALYSIS**

18 U.S.C. § 3582(c) provides that a district court may "reduce a sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that 'such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). Before filing a motion for compassionate release with a district court, the defendant must first exhaust the administrative remedies available through the Bureau of Prisons ("BOP") by asking the warden of the place where he is serving time to seek the remedy on his behalf. 18 U.S.C. § 3582(c)(1)(A). And, in any motion for compassionate release, the defendant bears the burden to establish that such a remedy is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The Court finds that Mr. Amundsen failed to exhaust his administrative remedies. He bears the burden of demonstrating that he complied with statutory requirements, either by showing that he applied for compassionate release from the BOP and was denied, or by showing that 30 days lapsed without any response from the BOP. *See United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (describing exhaustion of administrative remedies as "a mandatory claim-processing rule" and holding that a district court must dismiss a motion on this ground when it is raised by the government and not rebutted by the defendant). Mr. Amundsen does not even attempt to make such a

showing. He filed no reply and has pointed to nothing in the record showing that he sought relief from the BOP. For this reason alone, the Motion is denied.

The Court also observes that, even if Mr. Amundsen had followed the proper steps, it would not grant compassionate release at this time. Although Mr. Amundsen certainly suffers from a variety of serious medical conditions, he suffered from all of these conditions at the time of his sentencing and the Court considered them carefully in imposing a below-guidelines sentence. (Dkt. 88 at 3.) Mr. Amundsen does not demonstrate that his condition has worsened such that he cannot care for himself in the prison setting. *See* U.S.S.G. § 1B1.13(b)(1)(B) (providing that deteriorating health "that substantively diminishes the ability of the defendant to provide self-care" in prison may be a reason to grant relief). Nor does he demonstrate that the care he claims he is not receiving creates a "risk of serious deterioration in health or death" that is required to support compassionate release. *Id.* § 1B1.13(b)(1)(C). Finally, although the Court is sympathetic to the hardship Mr. Amundsen's partner is experiencing due to his incarceration, Mr. Amundsen does not establish that he meets the criteria set forth at § 1B1.13(b)(3), which require incapacitation of one's partner and proof that no other caregiver is available.

For these reasons, the Motion for Compassionate Release is **DENIED**.

Date: November 25, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge